38 F.3d 1221
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Shawn TREFF, Plaintiff-Appellant,
v.
Colleen BARTELL, individually and as the Substance Abuse
Coordinator at the Utah State Prison; Dennis Marsh; Paul
Steinfeldt and Noel Ennis, individually and as the
coordinates of Family History LDS Genealogy Program,
Defendants-Appellees.
 No. 94-4099.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Plaintiff Robert Shawn Treff appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C.1983 action. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 Plaintiff filed an application to proceed in forma pauperis with the district court, certifying he possessed only $55.00 in cash. See 28 U.S.C.1915(b). The district court granted Plaintiff's application. Plaintiff then filed a 42 U.S.C.1983 action for monetary and injunctive relief alleging that the Utah State Prison ("USP") was violating his First and Fourteenth Amendment rights by allowing individuals from the Church of Jesus Christ of Latter Day Saints to operate a substance abuse program and a family history genealogy program at the prison and by giving prisoners who participated "programming credits."
 
 
 3
 The case was referred to a United States Magistrate Judge who filed a Report and Recommendation with the district court recommending dismissal pursuant to Fed.R.Civ.P. 12(b)(6), finding Plaintiff's claims were conclusory and without factual support. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (conclusory allegations without supporting factual averments insufficient to state claim). The magistrate further recommended that the district court require Plaintiff to pay a $120.00 filing fee because Plaintiff had falsified his in forma pauperis application. The magistrate found that Plaintiff had $6,804.28 in a bank account at the time he filed his application. The district court adopted the magistrate's Report and Recommendation, dismissed Plaintiff's 1983 action, and required Plaintiff to pay a filing fee. This appeal followed.
 
 
 4
 On appeal, Plaintiff argues the district court erred in dismissing his 1983 complaint, his claim for money damages as barred under the Eleventh Amendment, and in requiring Plaintiff to pay a filing fee. We review de novo the district court's dismissal of a claim under Fed.R.Civ.P. 12(b)(6). See Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). The district court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). We "presume[ ] all of plaintiff's factual allegations are true and construe[ ] them in the light most favorable to the plaintiff." Id.
 
 
 5
 Assuming the facts in Mr. Treff's complaint to be true, and construing his pro se complaint liberally, we conclude that fact issues remain that could give rise to a viable First and Fourteenth Amendment claim. Although a prison need not provide religious groups with identical facilities or personnel, it cannot palpably discriminate against a religious group. Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam). Mr. Treff alleges that the LDS programs are nonsecular and the sole source of "programming credits." While any prisoner is welcome to participate in LDS programs, the purportedly religious nature of these programs may dissuade participation and, therefore, may deprive non-LDS members of the only opportunity to earn "programming credit." From the current state of the factual record, however, it is unclear whether such conclusion is warranted. We do not know how the USP's "programming credit" system functions. We do not know whether the LDS programs are truly the sole source of "programming credit." We do not know the secular versus nonsecular mix of the LDS programs. And we do not know whether the prison awards "programming credit" for participation in the nonsecular aspects of such programs. We therefore reverse the district court's dismissal of Mr. Treff's complaint and remand for the development of the factual record. While 12(b)(6) dismissal is premature at this time, we do not preclude dismissal on a subsequent summary judgment motion.
 
 
 6
 We affirm the district court's disposition of the Plaintiff's filing fee issue for substantially the same reasons as set forth by the magistrate in his Report and Recommendation.
 
 
 7
 REVERSED in part and AFFIRMED in part.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both parties waived oral argument. This case is therefore ordered submitted on the briefs