**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

AUG 6 1997

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

JODY MAPP,

     Plaintiff-Appellant,

v.

VANCE EVERETT, Wyoming Department
of Corrections Honor Conservation Camp
superintendent, individually and in his
official capacity; RON MUNOZ, Wyoming
Department of Corrections Honor
Conservation Camp, Captain of Security,
individually and in his official capacity;
JUDY UPHOFF, Wyoming Department of
Corrections Director, individually and in her
official capacity; BARRY PETERSON,
Wyoming Department of Corrections Honor
Conservation Camp, Deputy Warden,
individually and in his official capacity;
LINDA GATES, Wyoming Department of
Corrections Honor Conservation Camp,
Tracking Officer, individually and in her
official capacity, LANA CULVER,
Wyoming Department of Corrections Honor
Conservation Camp, Business Manager,
individually and in her official capacity,

     Defendants-Appellees.

Nos. 96-8097, 96-8112
(D.C. No. 96-CV-166-B)
(D. Wyo.)

# ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Jody Mapp, a pro se state prisoner, brought this civil rights action under 42 U.S.C. § 1983, alleging constitutional violations arising from the refusal of prison officials to provide him free mailing and copying of legal material. The district court dismissed the complaint for failure to state a claim. On appeal, Mr. Mapp contends the district court erred on the merits and in denying his motion to file a supplemental complaint.

Mr. Mapp in essence claims he was denied access to the courts when prison officials refused to allow him to mail or copy legal material free of charge despite orders by the federal district court and the state district court granting him in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

forma pauperis status. Mr. Mapp appears to believe, incorrectly, that leave to proceed in forma pauperis allows him the free mailing and photocopying of legal material on demand. As the district court pointed out, however, to establish denial of access to the courts, Mr. Mapp must show that the failure to be given free mailing and photocopying prejudiced his ability to pursue litigation. Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996). Mr. Mapp's pleadings are somewhat unfocused, and even viewed most favorably to him the only specific prejudice he appears to assert is prejudice to his ability to pursue an action in Wyoming state district court. The record does contain an order from that court denying Mr. Mapp's motion for an extension of time to effect an appeal. See rec., vol. I, doc. 26. However, the record also contains an attachment to an affidavit by Mr. Mapp in which he states that Vance Everett, a prison official named as a defendant in this action, met with Mr. Mapp and told him that after speaking with the Attorney General, Mr. Everett would mail Mr. Mapp's brief to the court on time. Id. The record thus fails to establish that Mr. Mapp was prejudiced in his ability to pursue his state court litigation, and he has therefore failed to show a denial of access to the courts with respect to that litigation. Moreover, upon review of the record in this case and that in another case seeking habeas relief filed by Mr. Mapp and decided by this panel today, we agree with the district court that Mr. Mapp has also failed to show prejudice with regard to his federal litigation as well.

Mr. Mapp sought leave from the district court to file a supplemental complaint, in which he alleged constitutional violations arising from a threat allegedly made by a prison official to Mr. Mapp with regard to Mr. Mapp's original claim of denial of access to the courts.[1]  The motion was denied without prejudice by a magistrate judge.  The magistrate judge pointed out that:

> Plaintiff's original complaint alleges denial of access to the courts based on the fact that the defendant will not provide plaintiff postage and legal copies free of charge.  Plaintiff's supplemental complaint does not address these issues nor does it address events "similar in nature to the violations allede[d] in the complaint."  Plaintiff's supplemental complaint addresses issues of racial discrimination and racial slurs.  These issues are similar to those raised in plaintiff's civil rights complaint in case number 96-CV-094D.

Rec., vol. I, doc. 11.

Mr. Mapp objected below to the magistrate's ruling on the ground that it did not address the alleged threats and that leave to file a supplemental complaint under Fed. R. Civ. P. 15(d) should be freely granted.  The district court did not rule on the objection and Mr. Mapp has since filed a separate action in district court based on the episode.  See rec., vol. I, doc. 24.  We also observe that Mr.

---

[1] Mr. Mapp filed a premature appeal from the order denying his motion to file a supplemental complaint.  His notice withdrawing that appeal apparently crossed in the mail with a letter from the clerk of the circuit court informing Mr. Mapp that this appeal had been docketed and assigned docket number 96-8097.  He subsequently raised the denial of leave to file the supplemental complaint in his brief addressing the merits of the dismissal of his action in appeal number 96-8112, and we therefore treat the two appeals together.

-4-

Mapp is no longer incarcerated in the facility where the alleged threat occurred, and that we have affirmed the dismissal of the action underlying the threat. Under these circumstances, we find no basis upon which to reverse the denial of leave to amend. **AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge