**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENNETH CIRCUIT

PETER J. MCMAHON,

      Plaintiff - Appellant,

v.

STANLEY GLANZ, Sheriff,

      Defendant - Appellee.

No. 97-5008

(D.C. No. 94-CV-1198)

(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, McKAY, and LUCERO, Circuit Judges.


      After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

      Plaintiff filed a 42 U.S.C. § 1983 action as a pretrial detainee claiming numerous deprivations of his alleged constitutional rights.  On March 12, 1996, the district court denied Defendant's motion to dismiss for failure to state a claim under section 1983 but

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

granted Defendant's motion for summary judgment on all Plaintiff's claims except the alleged denial of access to the courts and law library. The court specifically found that "there remain genuine issues of material fact as to whether Plaintiff had access to digests or other basic reference material," R., Vol. I, Doc. 49 at 11, noting that "[i]n the absence of physical access to an adequate law library, [the law] requires 'some degree of professional or quasi-professional legal assistance to prisoners.'" Id. (quoting Bounds v. Smith, 430 U.S. 817, 831 (1977)). Although the court had previously granted Plaintiff leave to proceed *in forma pauperis* and Plaintiff's motion to appoint counsel, the court adopted the recommendation of the magistrate judge and reversed those decisions in its Order filed November 22, 1996. The district court subsequently dismissed Plaintiff's remaining claim for failure to pay the filing fee in its Order filed December 12, 1996.

On appeal, Plaintiff contends that the district court erred in granting summary judgment on his section 1983 claims. Plaintiff argues that because the court abused its discretion in revoking his *in forma pauperis* status, it also erred in dismissing his cognizable claim of denial of access to the courts for failure to pay the fee. Plaintiff further asserts that the court abused its discretion in rescinding its order to appoint counsel. Defendant contends that the district court erred in failing to grant summary judgment on the access to courts claim and in failing to grant its motion to dismiss.

We review de novo the district court's determination of the summary judgment motion and the motion to dismiss for failure to state a cause of action. See Chemical

2

<u>Weapons Working Group, Inc. v. United States Dep't of the Army</u>, 111 F.3d 1485, 1490 (10th Cir. 1997); <u>Kaul v. Stephan</u>, 83 F.3d 1208, 1212 (10th Cir. 1996). After carefully examining the briefs, the record, and the law, we affirm the district court's determinations of the motions for summary judgment and dismissal for substantially the same reasons as stated by the district court in its Order filed March 12, 1996.

We review the revocation of *in forma pauperis* status for an abuse of discretion. See <u>Treff v. Galetka</u>, 74 F.3d 191, 196-97 (10th Cir. 1996). "Leave to proceed without prepayment of fees and costs is a privilege, not a right," and "[c]ourts have the discretion to revoke that privilege when it no longer serves its goals." <u>Id.</u> at 197. Upon Defendant's motion to review Plaintiff's *in forma pauperis* status, the magistrate judge determined that Plaintiff was no longer indigent. The magistrate judge based his decision on new information that Plaintiff was receiving $300 to $400 per month from his family. This income supplemented the monies Plaintiff received for his performance pay in prison. Plaintiff's account balance on May 21, 1996, was $247.55. <u>See</u> R., Vol. I, Doc. 72 at 3 (Order filed October 8, 1996). The magistrate judge found that Plaintiff's financial circumstances had changed and that he could now afford to pay the filing fee and costs of litigation. The district court agreed and revoked Plaintiff's indigent status in its Order filed November 22, 1996.

We conclude that the district court's revocation of Plaintiff's indigent status was not an abuse of discretion. Plaintiff's financial condition improved sufficiently so that he

3

could afford to pay the filing fee.  See Treff, 74 F.3d at 197 (holding "that when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs").  Plaintiff does not dispute that his income was augmented but asserts that his increased expenses in federal prison offset the increased income.  The fact that Plaintiff had more expenses does not negate the magistrate judge's finding of a significantly higher balance in Plaintiff's prison account.  Plaintiff fails to consider that his increased expenses are partially a reflection of his priorities.  In other words, Plaintiff chooses to spend the financial contributions from his family on amenities in prison.

Plaintiff claims that he intends to pursue the remaining claim concerning a denial of access to the courts and law library after the resolution of this appeal.  Because the court's dismissal of this claim was predicated on a procedural matter -- the failure to pay a filing fee, we treat it as a dismissal without prejudice.  Plaintiff may move to reinstate his cause of action and tender the appropriate filing fees and costs to the district court, or he may refile his claim anew.  Because of the procedural posture of this case, it is premature to address the appointment of counsel issue at this juncture.

AFFIRMED.

Entered by the Court

Monroe G. McKay
Circuit Judge

4