**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT SHAWN TREFF,

      Plaintiff-Appellant,

v.

EVONNE T. DEHAAN and
CARL JACOBSON,

      Defendants-Appellees.

No. 97-4016
(D.C. No. 92-CV-363)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Shawn Treff, a Utah state prisoner proceeding pro se in this 42 U.S.C. § 1983 action, appeals from the district court's entry of summary judgment in favor of defendants.[1] We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    Factual Background

Mr. Treff contends that Defendant Evonne T. DeHaan, his supervisor in the Utah Correctional Industries (UCI) Data Entry Shop, singled him out for strict treatment[2] because he is Jewish and because he had filed grievances and lawsuits in protest of the allegedly discriminatory treatment. A workplace confrontation between Mr. Treff and Ms. DeHaan led to his termination from UCI employment and a disciplinary hearing before Defendant Carl Jacobson, an institutional disciplinary hearing officer. Following the hearing, Mr. Jacobson found Mr. Treff guilty of committing an act which threatened the safety, security,

---

[1]    Two cases filed by Mr. Treff were consolidated in the district court. The complaint in case No. 92-C-363 W was brought against Ms. DeHaan and various other prison officials and employees. The complaint in case No. 93-C-379 G added Mr. Jacobson to the list of defendants. The issues Mr. Treff has raised on appeal concern only Ms. DeHaan and Mr. Jacobson.

[2]    Mr. Treff complains that Ms. DeHaan discriminated against him in work assignments, evaluated him unfairly, removed a religiously significant sign from his work area, permitted other inmates to make offensive comments about him, required him to submit a written request for an excused absence on a religious holiday, requested a shakedown of his cell, and effected his dismissal from a special program within the Utah State Prison.

management or control of the prison facility. He imposed a punishment of seven days in isolation, but suspended the punishment on the condition that Mr. Treff refrain from committing additional disciplinary violations for thirty days. Because Mr. Treff remained free of violations during the thirty-day period, he did not serve the time in isolation.

Mr. Treff asserts that, during this course of events, (1) Ms. DeHaan violated his right to equal protection of the law by discriminating against him on the basis of his religion; (2) Ms. DeHaan retaliated against him for his exercise of the right of access to the courts; (3) Mr. Jacobson deprived him of procedural due process by refusing his request to call witnesses at the disciplinary hearing; and (4) both defendants subjected him to cruel and unusual punishment. In a thoughtful and well-written memorandum decision and order, the district court entered summary judgment in favor of defendants on all claims.[3]

---

[3] The case was assigned to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). In his report and recommendation, the magistrate judge recommended granting summary judgment on the equal protection, due process, and cruel and unusual punishment claims, but denying it on the retaliation claim. Plaintiff and defendants both filed objections to the magistrate's recommended disposition of the matter. After conducting a de novo review, the district court decided to adopt the report as to the due process and cruel and unusual punishment claims and to reject it as to the analysis of the equal protection claim and the disposition of the retaliation claim.

**II.     Discussion**

We review de novo the grant of summary judgment, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c).  See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).  Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  We construe pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), and view the record in the light most favorable to the party opposing the summary judgment motion, see Kaul, 83 F.3d at 1212.

Generally, the Equal Protection Clause of the Fourteenth Amendment protects inmates from invidious discrimination.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, a plaintiff must show that the defendants intentionally discriminated against him because of his membership in a protected class.  See Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir. 1995).  "[M]ere disparate impact is insufficient to demonstrate an equal protection violation."  Id. at 481.  A plaintiff's subjective belief of discrimination is also insufficient to show a genuine issue of material fact remaining for trial.  Cf. Aramburu v. Boeing Co., 112 F.3d 1398, 1408 n.7 (10th Cir. 1997) (noting that a subjective belief in discrimination does not preclude summary judgment on a claim of employment

discrimination based on ancestry). Because Mr. Treff provided less than a scintilla of evidence of discriminatory intent on the part of Ms. DeHaan, his equal protection claim cannot withstand summary judgment.

Similarly, Mr. Treff failed to support his claim that Ms. DeHaan's actions were taken in retaliation for his exercise of a constitutionally protected activity, the filing of grievances and lawsuits. To oppose a motion for summary judgment, an inmate must submit evidence showing that a jury could reasonably find that a motivating factor behind defendants' actions was retaliation for his prior or current litigation. See Smith v. Maschner, 899 F.2d 940, 948 n.4, 949 (10th Cir. 1990). A "'causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'" Conner v. Schnuck Markets, Inc., 1997 WL 436255, *4 (10th Cir. Aug. 5, 1997) (quoting Burrus v. United Tel. Co. of Kansas, Inc. , 683 F.2d 339, 343 (10th Cir. 1982) in a discussion of retaliation in violation of the Fair Labor Standards Act). In instances in which a defendant provides legitimate, nonretaliatory reasons for the adverse action, however, a mere temporal connection may not justify an inference of causation. See Conner, 1997 WL 436255 at ** 7-8.

Here, Mr. Treff has shown temporal proximity, in that he has pursued so many grievances and lawsuits that any action taken by a prison authority could be

regarded as in proximity with one of his legal filings.[4]  Ms. DeHaan, however, has presented legitimate and nonretaliatory reasons for her actions.  Under these circumstances, mere proximity of time is insufficient to create a genuine issue of fact as to motivation.  Because Mr. Treff has produced no additional evidence of a retaliatory motive, the district court properly entered summary judgment on the claim.

---

[4]    The district court compiled a listing of plaintiff's lawsuits filed in that court from 1988 through December 20, 1996, the date of its Memorandum Decision and Order:

> Treff v. Cook, No. 88cv053 (D. Utah filed Jan. 25, 1988) (dismissed on summary judgment), aff'd, 70 F.3d 123 (10th Cir. 1995); Treff v. Smith, No. 88cv054 (D. Utah filed Jan. 25, 1988) (dismissed with prejudice pursuant to stipulation Mar. 2, 1990); Treff v. Barnes, No. 90cv071 (D. Utah filed Sept 18, 1990) (dismissed on summary judgment), aff'd, 91 F.3d 160 (10th Cir. 1996); Treff v. Miner, No. 92cv959 (D. Utah filed Nov. 9, 1992) (dismissed on summary judgment Sept. 1, 1994); Treff v. Galetka, No. 93cv005 (D. Utah filed Jan. 5, 1993) (dismissed on summary judgment), aff'd, 74 F.3d 191 (10th Cir. 1996); Treff v. Smith, No. 93cv271 (D. Utah filed Mar. 17, 1993) (defendants' motion to dismiss granted Oct. 22, 1993); Treff v. DeHaan, No. 93cv379 (D. Utah filed Apr. 16, 1993) (consolidated with No. 92cv363 (now before the court)); Treff v. Bartell, No. 93cv606 (D. Utah filed June 25, 1993) (case still pending); Treff v. Woolston, No. 93cv837 (D. Utah filed Sept. 30, 1992 (case still pending); Treff v. Nielson, No. 93cv848 (D. Utah filed Sept. 23, 1993) (dismissed pursuant to 28 U.S.C. § 1915(d) Mar. 14, 1995).

R. Vol. III, Doc. 112 at p.2-3, n.1.  On appeal, Mr. Treff argues that this listing, along with the district court's brief description of Mr. Treff's conviction, demonstrates the animosity of the district court and amounts to an abuse of discretion.  This argument is frivolous.

The case of Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995), controls our analysis of Mr. Treff's claim that he was denied due process during his disciplinary hearing. Under Sandin, an inmate's liberty interest is not implicated unless the disciplinary measure in question imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id., 115 S. Ct. at 2300. The suspended punishment given to Mr. Treff does not amount to a significant hardship. Therefore, it does not implicate a liberty interest and does not trigger due process protections.

Mr. Treff's Eighth Amendment claim can be disposed of with little analysis. Only those deprivations denying "the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (further quotations and citations omitted). The deprivations alleged by Mr. Treff are not sufficiently weighty to invoke the constitutional ban on cruel and unusual punishment.

Finally, we reject Mr. Treff's procedural objections and requests. The district court did not abuse its discretion by granting defendants' motion for additional time to respond to Mr. Treff's objections to the magistrate's recommended disposition of the matter. See Fed. R. Civ. 6(b), 72(b). We do not reach Mr. Treff's claim that the district court erred in imposing a filing fee pursuant to 28 U.S.C. § 1915(g) (denying in forma pauperis status to a prisoner

bringing a civil action who has, "on 3 or more prior occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")  Because Mr. Treff did not raise this issue in the district court, we decline to address it here.  See Treff v. Galetka, 74 F.3d 191, 193 (10th Cir. 1996).[5]  We deny Mr. Treff's motion to supplement the record.  The additional materials were not properly included in the district court record as exhibits to a summary judgment filing.  See Aero-Medical Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994); Fed. R. App. P. 10(a).

The judgment of the United States District Court for the District of Utah is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge

---

[5]    We note that the cited case also dealt with Mr. Treff's in forma pauperis status.  We affirmed the district court's imposition of certain costs, holding that "when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs."  Treff v. Galetka, 74 F.3d at 197.