**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

MITCHELL A. SHEPARD, JR.,

Plaintiff-Appellant,

v.

PAT SULLIVAN, Sheriff, Arapahoe
County Sheriff's Dep't; T. BAY,
Captain, Arapahoe County Detention
Facility; DR. DAVID SOLIZ,
Physician, Arapahoe County Detention
Facility,

Defendants-Appellees.

No. 02-1198
(D.C. No. 00-S-1969 (PAC))
(D. Colo.)

_____

ORDER AND JUDGMENT *

_____

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

_____

After examining the briefs and appellate records, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Mitchell A. Shepard, Jr., proceeding pro se, appeals from the district court's rulings in favor of defendants on his claims of deliberate indifference to serious medical needs, in violation of the Eighth Amendment.  We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291, and we construe appellant's pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

1.    Procedural History

Appellant, then a detainee at the Arapahoe County Detention Facility (ACDF), filed a civil rights suit pursuant to 28 U.S.C. § 1983, alleging, in pertinent part, that despite "known medical reasons" showing he was disabled, he was denied medical care and a post-cancer reconstructive surgery which had been scheduled at the Veteran's Administration Hospital (VA).  R., Vol. I, doc. 3, at 3. [1]

---

[1]    Appellant also stated due process claims against additional defendants in connection with his detainment.  Those claims and defendant s were dismissed from the case upon the district court's initial review, *see* R., Vol. I, doc. 5.  Appellant challenges that ruling on appeal as to the Arapahoe County Commissioners, *see* Aplt. Br. at 18-A.  However, his notice of appeal specifically designated only the district court's final order and the magistrate judge's report, not the court's early dismissal of this defendant.  *See* R., Vol. II, doc. 65.  Accordingly, we have no jurisdiction to consider his challenge to any portion of the earlier ruling.  *See Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444

(continued...)

He claimed "possible damage" from a tumor in his abdomen and permanent damage or loss of his right shoulder. *Id.* at 6. He contended that defendants Sullivan and Bay were liable for damages as policy makers and supervisors of inmates and personnel, including medical staff, at ACDF. *Id.* at 2. He alleged that defendant Soliz was employed as "the Medical Staff Physician" at ACDF, and specifically alleged that Soliz denied him medical treatment, including the denial of medicines "forwarded by the Denver V.A." *Id.* Appellant generally contended that defendants prevented him from having reconstructive surgery, related to previous cancer treatments, at the VA and that he was without medical treatment for "several months" between September of 1999 and September of 2000. *Id.* at 3.

Defendants Sullivan and Bay moved for summary judgment and a stay of discovery, asserting various defenses including lack of personal participation, failure to allege a custom or policy, and qualified immunity. They attached as exhibits to their accompanying legal memorandum several affidavits and appellant's medical records from ACDF. *Id.*, doc. 20. In response to this motion, appellant argued that his complaint stated sufficient facts to demonstrate defendants' knowledge of his need for this surgery and alleged a policy of

---

[1](...continued)
(10th Cir. 1990) ("Our appellate review is limited to final judgment or parts thereof that are designated in the notice of appeal.").

denying lifesaving cancer treatments based on a letter allegedly written by defendant Soliz. He stated that defendants knew about his need for the surgery as diagnosed and scheduled by the VA because they had the VA's medical records.

Defendant Soliz moved to dismiss appellant's claims pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the facts alleged in appellant's complaint were insufficient to state a claim against him. *See id.*, doc. 35. Appellant did not respond to this motion.

The magistrate judge issued her Order and Recommendation (O&R) on January 22, 2002. R., Vol. II, doc. 56. She stated that the court would assume appellant had a serious medical need because the surgery was scheduled by the VA. She recommended granting summary judgment to defendants Sullivan and Bay due to a lack of sufficient allegations showing that they had any knowledge of or personal participation in appellant's medical care. *See id.* at 9-11. She stated that appellant's assertions of a custom or policy to deny surgery to inmates were conclusory, and further denied appellant's motion for limited discovery on this point because there was no evidence of those defendants' knowledge of appellant's need for surgery.

As to defendant Soliz, the magistrate judge converted his motion to dismiss into one for summary judgment, but concluded that appellant need not be given an opportunity to respond because she was relying on facts asserted by Soliz in the

-4-

motion to dismiss and because these facts were also contained in the motion for summary judgment by defendants Sullivan and Bay and were undisputed by appellant in his response. The magistrate judge concluded that appellant's allegations were insufficient to show deliberate indifference because they did not demonstrate that Soliz, a physician's assistant, should or could have provided surgery or that he prevented appellant from receiving the surgery. She recommended that defendant Soliz's motion to dismiss be granted, and the case dismissed with prejudice. *Id.* at 14.

Appellant sought an extension of time in which to file his objections to the magistrate judge's O&R. He was granted an extension "up to and including March 1, 2002." *Id.*, doc. 58. His objections were filed with the district court on March 4, 2002, although the pleading indicates that appellant signed it on February 28 and mailed it on March 1. The district court concluded that appellant's objections were untimely and declined to review them. The court adopted the magistrate judge's recommendations and entered judgment for defendants. *See id.*, docs. 62 & 63.

2. Objections to the Magistrate Judge's O&R

On appeal, appellant contends that the district court should have considered his objections in light of the prisoner "mail box" rule. We agree. *See Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996) ("[I]f [appellant's] objections were

mailed from the prison in a timely fashion, the court should have considered them."); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying prisoner "mail box" rule to objections to a magistrate judge's report). Because it is clear from the record that appellant mailed his objections on March 1, 2002, they were timely filed. Accordingly, we will consider appellant's objections de novo in connection with our review of the district court's rulings.

3.    Summary Judgment Ruling as to Defendants Sullivan & Bay; Discovery

We review the district court's summary judgment ruling in favor of defendants Sullivan and Bay de novo, applying the same standard as that court, reviewing the record in the light most favorable to appellant. *See Treff*, 74 F.3d at 193. Summary judgment is appropriate when "there is genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). To demonstrate deliberate indifference, appellant must have alleged facts which demonstrate that Sullivan and Bay both knew about and disregarded an excessive risk to his health and safety. *Id.* We have no problem affirming the district court's grant of summary judgment in favor of these defendants due to a lack of personal participation or knowledge of appellant's

alleged serious medical need.  Appellant's attempts to bolster his initial, conclusory, allegations about these defendants' personal knowledge fall short because they cannot be held to know about his medical needs merely as a result of their supervisory positions.  *See Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000).  Appellant's allegations do not show "an affirmative link . . . between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  *Id.* (quotation omitted).  We reject appellant's arguments that the district court placed too heavy a burden on him to demonstrate personal knowledge, that the magistrate judge treated Sullivan's and Bay's affidavit as facts, and that the magistrate judge failed to draw inferences in his favor.  Prison officials cannot be liable under the Eighth Amendment without awareness of the facts which demonstrate that risk.  *See Walker v. Peters*, 233 F.3d 494, 498 (7th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  No allegations in appellant's complaint or response demonstrate knowledge or personal participation, or support a reasonable inference of such knowledge or conduct.  *Cf. id.* at 498 (stating knowledge of a substantial risk could be shown by drawing an inference from circumstantial evidence).

We also agree with the district court that appellant's attempts to allege a policy or custom are conclusory.  The letter appellant alleges was sent by

defendant Soliz to his attorney is not part of the record on appeal. And, even if appellant could show an ACDF policy of denying inmates surgery, there is no showing that defendants Sullivan and Bay knew about his alleged medical needs, or that the medical staff followed such a policy. Further, without any showing of knowledge or participation by these defendants, appellant's motion for limited discovery on this point was properly denied. *See Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993) (stating district court did not abuse its discretion in denying motion pursuant to Fed. R. Civ. P. 56(f) to pursue discovery based solely on conclusory assertions). Appellant's argument that the magistrate judge improperly relied on hearsay affidavits lacks merit; the O&R did not rely on the affidavits in granting summary judgment or to deny the motion for discovery. It relied on the lack of evidence of 1) requisite knowledge by defendants Sullivan and Bay and 2) "that plaintiff's treating physician recommended surgery." R., Vol. II, doc. 56, at 11. And, as discussed further below, appellant's ACDF medical records do not contain a diagnosis or recommendation for the reconstructive post-cancer surgery.

4. Summary Judgment Ruling as to Defendant Soliz

The district court converted Soliz's motion to dismiss into one for summary judgment because it considered materials outside the complaint, but stated that it need not give appellant an additional opportunity to respond because the

statements it relied on had been posited in the summary judgment motion of defendants Sullivan and Bay, and appellant had not challenged them. *Id.* at 11-12. We agree that, as to evidence on which defendants Sullivan and Bay relied, the district court need not give appellant an additional chance to respond, because the purposes of notice before conversion to summary judgment have been satisfied here. [2] *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000). Specifically, defendants Sullivan and Bay attached a copy of appellant's medical records from ACDF to their motion for summary judgment. [3] *See* R., Vol. I, doc. 20, Ex. D. They relied on these records in their arguments, as did

---

[2]     Appellant contends that the magistrate judge abused her discretion in denying him time to respond to this motion by amending his complaint. But the magistrate judge made no such ruling. Appellant failed to respond to Soliz's motion to dismiss, and failed to request an extension of time to do so. Appellant did not request leave to amend before the district court, and does not state how he would amend his complaint to state a claim against Soliz. *See In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992). Therefore, we decline to consider this issue.

[3]     Although we agree with the district court that appellant's complaint failed to sufficiently allege facts which demonstrated liability on Soliz's part either directly or in a gatekeeper capacity, *see Sealock*, 218 F.3d at 1211, we disagree with its reliance on statements that Soliz was not a doctor, but a physician's assistant, and that he worked under a doctor's supervision. First, Soliz's position would not prevent him from being liable as a gatekeeper. Second, appellant was not obligated to controvert that statement in his response to the summary judgment motion because defendants Sullivan and Bay did not rely on it as support for their arguments, but included it only in their statement of facts. *See* R., Vol. I, doc. 20, at 2-4. We may affirm on an alternative legal basis which finds support in the record. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

-9-

Susan Williamson, on whose affidavit they also relied. *See id.*, Ex. C. [4] Appellant

did not challenge these records in his response to the motion for summary

judgment. [5] Therefore, we can consider these medical records. We review the

district court's grant of summary judgment to defendant Soliz under the same

standards as set out above.

The medical records reflect that, contrary to appellant's repeated assertions,

ACDF never did receive the medical records from the VA, which records,

appellant contends, would have established his serious medical need for the

_____

[4]     We reject appellant's arguments that this affidavit was inadmissable
hearsay and therefore improper under Fed. R. Civ. P. 56(e). Not only was this
argument not presented to the district court, but Ms. Williamson's affidavits
addressed matters within her personal knowledge, including appellant's medical
treatment, with which she stated she was familiar. *See* R., Vol. I, doc. 20, Ex. C,
at 4. Appellant's contention that the affidavits involved credibility lacks merit.
We also decline to consider the contracts which appellant presents to this court
for the first time on appeal. *See Myers v. Okla. County Bd. of County Comm'rs*,
151 F.3d 1313, 1319 (10th Cir. 1998).

[5]     On appeal, appellant for the first time takes issue with the medical records
attached to defendant s' motion for summary judgment, contending that they were
not certified or notarized and that there was no medical records clerk or
custodian. Aplt. Br. at 19-D, -E. Appellant has waived any challenge to the
medical records by failing to raise it before the district court. *See Walker*,
959 F.2d at 896. And, in any case, appellant does not state how the medical
records have been affected by these alleged infirmities or how these allegations
affect his case. Ms. Williamson stated in her affidavit that the medical records
contained in Exhibit D were "true and accurate copies of Plaintiff's medical file
through the present time." R., Vol. I., doc. 20, Ex. C, at 3. Appellant did not
controvert this statement.

reconstructive abdominal surgery.[6] In fact, the medical records indicate that, despite numerous entries by ACDF medical staff referencing the need to obtain the VA medical records to ascertain the nature of and need for the reconstructive surgery, appellant refused to sign the necessary release form after previous attempts to get his VA records were unsuccessful. *See, e.g., id.*, Ex. D, at 21, 22, 40, 101, 120. Appellant was reported to have stated that if the VA found out he was in jail, he would lose his benefits. *Id.* at 24.

The district court assumed, for the purposes of granting summary judgment to defendants, that appellant had a serious medical need. Based on the medical record, we conclude that defendants had no basis upon which to determine that appellant's scheduled reconstructive surgery constituted a serious medical need. He informed the medical staff at ACDF about his scheduled surgery, and the staff

---

[6] On appeal, appellant contends he also had an unmet serious medical need in connection with a torn rotator cuff. *See* Aplt. Br. at 17, 18. This injury was mentioned once in his complaint, *see* R., Vol. I, doc. 3, at 6 (referring to "permanent damage or loss of right shoulder"). However, appellant did not otherwise raise to the district court his alleged medical need in connection with this injury until his objections to the magistrate judge's O&R. His arguments prior to that pleading discussed only his alleged serious medical need for reconstructive surgery post-prostate cancer. *See, e.g., id.*, doc. 41, at 1, 2. Accordingly, arguments regarding treatment of his rotator cuff injury will not be considered. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (stating issues not raised until objections to magistrate judge's report are deemed waived); *O'Connor v. City & County of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990) (stating this court will not consider claims that were waived or abandoned in the district court).

attempted to get the VA records to discern if the surgery was "vital." *See id.* at 122. But, without those records, none of the defendants could have had the knowledge appellant imputes to them, *i.e.*, that the VA's diagnosis and scheduling of surgery constituted a serious medical need.

"[D]eliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A medical need is serious "if the condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (quotation omitted). Despite what appears to be a delay in receiving the scheduled surgery, [7] appellant does not claim or demonstrate harm of a substantial nature resulting from the delay. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *Clemmons v. Bohannon*, 956 F.2d 1523, 1526-27 (10th Cir. 1992) (setting out examples of serious harm). Appellant's claim in his complaint of "possible damage" resulting from lack of the abdominal surgery does not constitute serious medical need. His subsequent allegations of "necessary lifesaving cancer treatment," R., Vol. I, doc. 41, at 2, are conclusory. His claims of pain and mental stress do not rise to

---

[7] On appeal, appellant indicates that he expected to receive surgeries for both his rotator cuff tear and his post-cancer abdominal problem within a short time. *See* Aplt. Br. at 17-A.

the level of serious harm because the medical records reflect prompt and appropriate treatment of his symptoms. *See Olson*, 9 F.3d at 1477; *cf. Sealock*, 218 F.3d at 1210 (concluding that several hours of severe chest pain imposed by failure to treat heart attack established substantial harm). Because appellant has not demonstrated the existence of a serious medical need, summary judgment for defendant Soliz was properly granted.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Appellant's motion to proceed without prepayment of costs or fees is granted; appellant is reminded of his obligation to continue making partial payments until the entire filing fee has been paid. *See* 28 U.S.C. § 1915(b)(2).

Entered for the Court


Bobby R. Baldock
Circuit Judge

-13-