FILED
United States Court of Appeals
Tenth Circuit

December 18, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KENDALL TRENT BROWN,

  Plaintiff-Appellant,

v.

SALINE COUNTY JAIL, GLEN F.
KOCHANOWSHI, OFFICER
"NALLS" ID#121.

  Defendants-Appellees.

No. 08-3145
(D.C. No. 07-CV-3062-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Plaintiff-Appellant Kendall Trent Brown, a state prisoner proceeding pro

se, appeals from a district court decision dismissing, pursuant to 28 U.S.C. §

---

[*]After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).   The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    The Court appreciates Appellees' submission of a brief at the request of
this Court, even though Appellees are not formally parties to this action yet – the
district court ordered the case dismissed prior to ordering service of the complaint
on the defendants.  Appellees' submission of their brief is without prejudice to
any defenses of insufficient service of process and lack of personal jurisdiction
they may raise later.

1915(e)(2)(B), his civil rights claim.[1]  Mr. Brown's complaint alleges that jail staff is mishandling his legal mail and engaging in postal fraud.  He brought his claim under 42 U.S.C. § 1983.  After reviewing Mr. Brown's complaint, the district court issued an order directing Mr. Brown to show cause why his complaint should not be summarily dismissed as stating no claim for relief.  In response, Mr. Brown submitted a new form complaint, which the district court treated as an amended complaint.  On May 23, 2008, the district court dismissed sua sponte Mr. Brown's complaint, as supplemented and amended, as stating no cognizable constitutional claim.   We exercise jurisdiction under 28 U.S.C. § 1291, and reverse the district court's dismissal.  Liberally construed, Mr. Brown's complaint has alleged facts sufficient to state a cognizable claim.

## I. Background

Mr. Brown is incarcerated at the Saline County Detention Center in Salina, Kansas.  On March 7, 2007, Mr. Brown filed a complaint against Saline County Jail and Defendants Sheriff Glen F. Kochanowshi and Officer Nalls, whom he described as "the correction[s] mail lady," broadly alleging that jail staff was mishandling his legal mail and engaging in postal fraud, and seeking damages

---

[1] On September 2, 2008, this court granted Mr. Brown's motion for leave to proceed in forma pauperis.

under 42 U.S.C. § 1983.[2]  Mr. Brown attempted to supplement his complaint with numerous correspondences to the clerk's office detailing additional incidents allegedly committed by jail staff.[3]  Mr. Brown also filed a motion for appointment of counsel, a motion to obtain records from the United States Department of Justice, and a motion to obtain records from his attorney, Joseph A. Allen. Additionally, Mr. Brown requested an order that he must be present if the jail opens any of his legal mail.

On November 16, 2007, the district court granted him leave to proceed in forma pauperis.  In the same order, the court ordered Mr. Brown to show cause why his complaint should not be summarily dismissed as stating no claim for relief because the jail itself was not a proper defendant, and because Mr. Brown's

[2] Brown claimed that Defendants Sheriff Glen F. Kochanowshi and Officer Nalls interfered with his possession, receipt, and sending of legal mail, all in an attempt to prevent him from pursuing relief on legal claims.  Specifically, the complaint alleged that the jail wrongfully prevented him from "bring[ing] [his] legal mail with [him] to Larned State Hospital" during a "60 day [evaluation] starting on 11-30-06." Also, Mr. Brown alleged that jail officers "void[ed] out mail that was suppose[d] to be sent" and instead were "holding and throwing [the mail] away."  In so doing, Mr. Brown alleged Officer Nalls committed computer fraud when she used the computer to "void out letters" that he intended to send, but that were not sent or were "thrown away and opened" instead.

[3] These allegations, liberally constructed, included that the (1) defendants opened mail from government agencies responding to complaints about prison conditions; (2) defendants did not send a letter to the ACLU; (3) defendants retaliated against him for filing complaints with government agencies by reading all of his non-legal mail; (4) defendants did not send letters addressed to his attorney, Joseph A. Allen; and (5) defendants tried to alter computer records so that they did not show money he spent on postage for letters that the jail processed but did not send to his attorney, Mr. Allen.

allegations against the remaining defendants failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983.[4]  The district court also denied plaintiff's motion for appointment of counsel and his requests for court orders.

On March 5, 2008, Mr. Brown submitted a new form complaint, which the district court treated as an amended complaint.  The amended complaint no longer named the Saline County Jail as a defendant.  The amended complaint alleged that Sheriff Kochanowshi was responsible for new jail regulations, including regulations dated January 2008, which provided for inspection of outgoing mail if jail staff suspects the mail is not legal mail. Mr. Brown alleged that jail staff inspected legal mail that they suspected was non-legal mail, and that the "Saline County Jail is misusing this [authority] to have more control [over the mail] and stop [prisoners from filing] complaints."  (R. doc. 22 at 3.)  Mr. Brown also alleged that Officer Nalls "was committing postal fraud by charging us for mail that wasn't going out and trying to delete it on the county computer."  (Id. at 2.) Finally, Mr. Brown alleged that Saline County Jail officers wrongfully prevented him from taking his legal mail to Larned State Hospital.  On May 13, 2008, Mr. Brown filed a supplement to his complaint which alleged that jail officials interfered with two recent requests mailed to the Kansas appellate courts for assistance in filing a disciplinary complaint against his attorney.

---

[4]The court did not consider plaintiff's correspondence sent to the clerk's office in its decision because the correspondence did not follow the rules of civil procedure.

On May 23, 2008, the district court dismissed Mr. Brown's complaint, as supplemented and amended, for failure to state a claim upon which relief could be granted. Additionally, the district court concluded that Mr. Brown's prayer in his amended complaint for damages for depression and emotional distress resulting from the jail's alleged unlawful practices was not supported by any showing of a prior physical injury, as required by 42 U.S.C. § 1997e(e). Mr. Brown now timely appeals these decisions.[5]

## II. Standard of Review

We review de novo the district court's dismissal of an in forma pauperis complaint under 28 USC § 1915(e)(2)(B)(ii) for failure to state a claim. See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). As with a motion to dismiss, we accept Mr. Brown's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Mr. Brown. See id. at 1217. Since Mr. Brown is proceeding pro se, his complaint must be construed liberally. See id. at 1218. Pro se prisoner complaints, like the one involved here, "should not be dismissed for failure to state a claim unless it

---

[5] The docket entry for the May 23, 2008, order did not have the correct document attached to the entry of the final order of this case. Instead, the document of the final order docketed the same day in Brown v. Saline County Board of County Commissioners, Case No. 07-3265-SAC, was attached in error. On July 23, 2008, the docket was modified to reflect the correct final order for the case at bar.

- 5 -

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v . Rowe, 449 U.S. 5, 10 (1980).

### III. Mr. Brown's § 1983 claims

Section 1983 provides for a civil cause of action against any person who, under color of state law, deprives the plaintiff of his or her "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Thus, the issue before us is whether the allegations in the complaint establish a violation of a constitutional right.

Mr. Brown asserts four § 1983 claims challenging the jail's treatment of his mail: 1) jail officials did not process outgoing mail, 2) jail officials misused their authority under prison regulations to inspect non-legal mail in order to stop prisoners from filing complaints, 3) jail officials prevented him from taking his legal mail to Larned State Hospital, and 4) Officer Nalls charged postage on mail that was not sent out. We will address each claim in turn.[6]

---

[6] We note that Mr. Brown asserted additional claims in his original complaint and supplemental filings to his original complaint. We will not consider these allegations because they were not re-iterated in Mr. Brown's amended complaint. Additionally, we will not consider additional claims and allegations raised by Mr. Brown in his appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

A. Failure to Process Outgoing Mail

Mr. Brown alleged interference with his outgoing mail, and pointed to two written requests addressed to the Kansas appellate courts for assistance in filing a disciplinary complaint against his attorney, which he alleges were not sent out.[7] The district court correctly rejected "the access-to-court aspect of this claim because [Mr. Brown] had not made a showing of prejudice required by Lewis v. Casey, 518 U.S. 343 (1996)." Wardell v. Duncan, 470 F.3d 954 (10th Cir. 2006). However, the district court erred when it failed to consider whether Mr. Brown's allegations could state a First Amendment claim for a violation of his freedom of speech. This Court has held that it is clearly established law that "[a] refusal to process any mail from a prisoner impermissibly interferes with the [sender's] First Amendment and Fourteenth Amendment rights." Treff v. Galetka, 74 F.3d 191, 195 (10th Cir. 1996) (citing Procunier v. Martinez, 416 U.S. 396, 408 (1974)). Therefore, Mr. Brown's allegations clearly state a claim of a violation of a constitutional right.

We note the district court's concern that Mr. Brown's allegations were

---

[7] The district court considered the allegation relating to the two specific letters sent to the Kansas appellate courts even though it was included in a supplemental filing to Mr. Brown's amended complaint, as opposed to in the amended complaint itself. It is appropriate, therefore, to treat these allegations as a constructive amendment of Mr. Brown's amended complaint. Cf. Green Country Food Mkt., Inc. v. Bottling Group, LLC, 371 F.3d 1275, 1280 (10th Cir. 2004) ("[A] complaint may be impliedly amended under [Federal Rule of Civil Procedure] 15(b) if an issue has been tried with the express or implied consent of the parties and not over objection.")

"insufficient for reasonable finders of fact to conclude that plaintiff's mail was not in fact sent out of the facility" because Mr. Brown's only factual allegation supporting his claim is that "he received <u>no response</u> to two recent requests to the Kansas appellate courts for assistance in filing a disciplinary complaint against his attorney." While Mr. Brown might not be able to prevail on summary judgment on this claim based solely on the fact that he never received a response to his letters, <u>see</u> <u>Treff</u>, 74 F.3d at 195-96, his factual allegation that the jail was not processing his mail is sufficient to state a claim for relief.

B. <u>Prison Regulations on Outgoing Mail</u>

Mr. Brown alleges that Sheriff Kochanowshi, with the help of Captain Augestine and Tina Miller, "found a clause in either state or federal guidelines that states . . . D.O.C. has the right as a <u>disciplinary</u> <u>action</u> to monitor all outgoing [mail] except legal mail unless they suspect its not legal, then they can inspect it. Saline County Jail is misusing this clause to have more control and stop the numerous complaints. They . . . use [this clause] as a cover to keep practicing discrimination with our mail." (R. doc. 22 at 3.) Liberally construing Mr. Brown's complaint as we must, Mr. Brown's complaint claims that jail officials are exercising their authority in a "discriminatory" manner and that outgoing mail

is monitored as a "disciplinary action," i.e., as punishment.[8]

As with Mr. Brown's first claim, the district court correctly rejected the access-to-court aspect of this claim because Mr. Brown had not made a showing of prejudice. But, once again, the district court erred when it failed to consider whether Mr. Brown's allegations could state a First Amendment claim for a violation of his freedom of speech. The district court repeated this error in regard to all of Mr. Brown's claims, as it never analyzed whether any of Mr. Brown's allegations implicated a First Amendment right beyond Mr. Brown's right of access to the courts.

While "[c]orrespondence between a prisoner and an outsider implicates the

---

[8] It appears the "clause" Mr. Brown is referring to is paragraph 12 of the section on "Correspondence" in the jail's inmate handbook, because he placed a "star" next to that paragraph in the inmate handbook, which he attached to his amended complaint.

Saline County Jail's "inmate handbook" provides at paragraph 12 of the section on "Correspondence," in pertinent part, that:

> All outgoing mail, with the exception of legal mail, will remain unsealed when given to the Officer. Outgoing personal mail may be inspected for contraband at the specific directions of the Shift Supervisor for security considerations. . . . The Corrections Staff may inspect outgoing mail marked as legal if they suspect it is not legal mail.

(R. doc. 22, attachment 2 at 19) (emphasis in original). The handbook does not define legal mail.

We note that paragraph 12 only authorizes inspection of outgoing non-legal mail "for security considerations"; the handbook does not authorize inspection as a "disciplinary action" as Mr. Brown alleges. Nonetheless, liberally construing Mr. Brown's complaint as we must, we treat Mr. Brown's complaint as alleging that jail officials are monitoring mail as a "disciplinary action."

guarantee of freedom of speech," Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996), the Supreme Court has recognized that the control of mail to and from prisoners is a necessary adjunct to penal administration. See Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989) (acknowledging that prison officials are better equipped than the judiciary to deal with the security implications of interactions between prisoners and the outside world). Prison regulations which restrict a prisoner's First Amendment rights are "permissible if they are reasonably related to legitimate penological interests and are not an exaggerated response to those concerns." Wardell, 470 F.3d at 960 (quoting Beard v. Banks, 548 U.S. 521, 528 (2006)). Turner v. Safley, 482 U.S. 78 (1987) set out four factors for assessing reasonableness in this context:

> First, is there a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it? Second, are there alternative means of exercising the right that remain open to prison inmates? Third, what impact will accommodation of the asserted constitutional right have on guards and other inmates, and on the allocation of prison resources generally? And, fourth, are ready alternatives for furthering the governmental interest available?

Wardell, 470 F.3d at 960 (quoting Beard, 548 U.S. at 528). The burden is on the prisoner to disprove the validity of prison regulations. See Overton v. Bazzetta, 539 U.S. 126, 132 (2003). This Court has held that corrections officers can inspect all outgoing mail if the inspection is reasonably related to substantial government interests. Belville v. Ednie, 74 F.3d 210, 214 (10th Cir. 1996).

- 10 -

Substantial government interests include threats to prison order and security. Id.

Mr. Brown's complaint claims that jail officials are exercising their authority in a manner arguably unrelated to a substantial government interest – that outgoing mail is monitored as punishment rather than for security. We do not imply that discipline can never be a substantial government interest when the discipline is used to maintain order, control and authority. But, at least at the dismissal stage, Mr. Brown has stated a cognizable constitutional claim that his First Amendment rights were violated by the inspection of his outgoing legal mail.

C. Prohibition Against Taking Legal Mail to Larned State Hospital

Mr. Brown alleges that "Saline County Jail officers won't allow inmates to take there [sic] legal mail to Larnered [sic] State Hospital . . . ." (R. doc. 22 at 4.) The district court correctly rejected the access-to-court aspect of this claim because Mr. Brown had not made a showing of prejudice. However, the district court once again failed to address whether the prison regulations unreasonably limited Mr. Brown's First Amendment rights to freedom of speech. See Wardell, 470 F.3d at 959-963 (prisoner's claim that prison intercepted legal materials addressed to prisoner touched on First Amendment right of access to courts and First Amendment right to receive mail). Prison regulations which restrict a prisoner's First Amendment rights are only "permissible if they are reasonably

related to legitimate penological interests and are not an exaggerated response to those concerns." Wardell, 470 F.3d at 960 (quoting Beard v. Banks, 548 U.S. 521, 528 (2006)). The district court did not consider whether the jail's prohibition on taking legal mail to the state hospital, during confinement there, was reasonably related to legitimate penological objectives and, therefore, the district court dismissed this claim prematurely.

### D. Charging for Mail that was Not Processed

Mr. Brown alleges that Officer Nalls "was committing postal fraud by charging us for mail that wasn't going out and trying to delete it on the county computer." (R. doc. 22 at 2.) Although Mr. Brown advances this claim as a due process violation (see Aplt. Br. at 3), it is more appropriately cast as a state law fraud claim. This claim, however, was not addressed by the district court, and it is appropriate for the district court to consider this claim in the first instance.

### E. Damages for Depression and Emotional Distress

Mr. Brown's prayer for relief in his amended complaint included a request for damages for depression and emotional distress resulting from the jail's alleged unlawful practices. Section 1997(e) of title 42 of the United State Code provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while

in custody without a prior showing of physical injury." Mr. Brown failed to assert any physical injury in his amended complaint; therefore, the district court correctly determined that Mr. Brown's complaint failed to allege facts sufficient to support a request for damages for depression and emotional distress.

## IV. Conclusion

For the foregoing reasons, we REVERSE and REMAND to the district court for further proceedings consistent with this decision.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 13 -