**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KENDALL TRENT BROWN,

        Plaintiff-Appellant,

v.

GLEN KOCHANOWSKI; (FNU)
NALLS; RANDALL MAIN; TINA
MILLER; (FNU) AUGUSTINE;
DEBORAH PRICE,

        Defendants-Appellees.

No. 12-3257
(D.C. No. 5:07-CV-03062-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Plaintiff-appellant Kendall Trent Brown is a prisoner of the State of Kansas

appearing pro se. He is currently housed at Hutchinson Correctional Facility in

Hutchinson, Kansas. Defendants-appellees include Sheriff Kochanowski of Saline

County, Kansas, and several employees at the Saline County Detention Center.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Brown appeals from the district court's grant of summary judgment to defendants on his federal claims that they mishandled his legal mail in violation of his First Amendment rights and his state-law claim that they fraudulently charged him postal fees on mail that was not sent.

We dismiss the appeal as frivolous under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that— . . . (B) the . . . appeal—(i) is frivolous . . . ."). We also assess a strike under PLRA, 28 U.S.C. § 1915(g). And as explained below, Brown accumulated two strikes under PLRA in 2008. As a result, Brown has now struck out from proceeding in forma pauperis (ifp) in civil actions or appeals in federal court in the future unless he can make credible allegations that he is in imminent danger of serious physical injury.

## I. Background

Brown filed this civil rights suit under 42 U.S.C. § 1983, seeking damages for alleged violations of his constitutional rights by the Saline County Jail, Saline County Sheriff Glen Kochanowski, and Officer Nalls, the "correction[s] mail lady," R., Vol. I, at 23. He alleged that these defendants mishandled his legal mail and engaged in postal fraud in and around November 2006, while he was housed at the Saline County Detention Center. The district court ordered Brown to show cause why his complaint should not be dismissed for failure to state a claim. Brown filed an amended complaint, which again named Sheriff Kochanowski and Officer Nalls as

defendants, but which no longer named the Saline County Jail. He also filed several supplements to his initial and amended complaints.

The district court reviewed Brown's complaint, as supplemented and amended, and dismissed it prior to service for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Brown appealed. We affirmed the dismissal in part, but we held that Brown's allegations that defendants had refused to process his outgoing mail, had monitored his outgoing mail in a discriminatory manner, had monitored his outgoing mail as punishment or discipline, and had prohibited him from taking his mail with him to Larned State Hospital, stated claims for a violation of his First and Fourteenth Amendment rights. *Brown v. Saline Cnty. Jail*, 303 F. App'x 678, 682-84 (10th Cir. 2008). We did not consider Brown's state-law claim for postal fraud, which had not yet been addressed by the district court. *Id.* at 684. We remanded the case for additional proceedings. *Id.* at 685.

On remand, Brown moved to amend his complaint to add Captain Augustine, Program Director Tina Miller, and Pod Officers Main and Price as defendants. The district court granted the motion, and Brown filed a second amended complaint, which was served on all of the defendants. R., Vol. I, at 233. (The court denied Brown's motion to file a third amended complaint because he sought to add new claims that were not based on the same core operative facts and were time-barred.) In due course, defendants moved for summary judgment under Fed. R. Civ. P. 56(a), arguing that the evidence showed that Brown's mail was sent, that his allegations

- 3 -

were speculative, that he had failed to exhaust his administrative remedies, that his constitutional rights were not violated, and that he had no proof of fraud. Brown filed a response in opposition and memorandum in support.

The district court granted summary judgment to defendants in a thorough, thirty-eight page Memorandum and Order. R., Vol. II, at 723-60. The court reviewed the legal standards to be applied under Rule 56. *Id.* at 731-32. The court also reviewed its duties toward Brown, as a pro se litigant. *Id.* at 732-33. The court reviewed the elements Brown was required to prove for his First Amendment claims related to defendants' handling of his mail, *id.* at 743-45, and the elements he was required to prove for his state-law fraud claim, *id.* at 757. But the court pointed out that Brown had "not file[d] any affidavits or submit[ted] any other admissible evidence to refute the evidence filed by the defendants in support of their motion for summary judgment." *Id.* at 733-34. The court considered the evidentiary value of Brown's deposition testimony. *See id.* at 739 n.2, 740-41, 743, 745-46, 748-49, 752-59.

The district court rejected defendants' argument that Brown had not shown a material factual dispute as to whether he had exhausted his administrative remedies. *Id.* at 735-41. But the district court granted summary judgment to all of the defendants in their official capacities because Brown's request for monetary relief was barred by their Eleventh Amendment immunity. *Id.* at 741 n.3. The court also granted summary judgment to Officer Main in his individual capacity because Brown

conceded in his deposition and his summary judgment pleadings that he had not alleged, and had no proof to support, any wrongdoing by Main. *Id.* at 743. The court also granted summary judgment to Sheriff Kochanowski, Tina Miller, and Captain Augustine because Brown had "conceded he lack[ed] a factual basis for alleging their individual responsibility on [his] claims." *Id.* at 754. And the court granted summary judgment to Officer Price because Brown made only a conclusory assertion that she had mishandled one letter and failed to provide any specific factual support for his claim against her. *Id.* at 754-55.

The district court otherwise explained why Brown's scant evidence that the remaining defendants mishandled his mail was "little more than speculation and bald assertions," *id.* at 746, was "too speculative, argumentative and conclusory for a rational fact finder to find in his favor," *id.* at 748, was "only his suspicions, speculation and bald assertions," *Id.* at 749-50, was lacking "any specific arguments or proof," *id.* at 752, was "not based on personal knowledge," *id.* at 752-53, was "inadmissible hearsay . . . [or] his own opinion and naked speculation," *id.* at 753, and did not constitute a "meaningful response to any of the defendants' arguments," *id.* at 756.

The district court also granted summary judgment to defendants on Brown's state-law fraud claim. *Id.* at 756-59. The court reviewed Brown's deposition testimony interpreting his inmate account summary and why he thought it showed fraudulent charges. *Id.* at 758-59. The court concluded that Brown

- 5 -

presume[d] there [we]re fraudulent activities behind the voided transactions without offering any proof or reasonable inferences to support his naked conclusions.  It is nothing but conjecture for the plaintiff to think that the voided transactions mean his mail was never sent, or that his account was never credited for the voided transactions, or that his account was assessed postage charges for mail which was never sent.

*Id.* at 759.  Brown appeals.

## II.  Issues on Appeal and Discussion

"We review the grant of summary judgment de novo applying the same standard as the district court . . . ."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "In applying this standard, we view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."  *Adler*, 144 F.3d at 670 (citing, *inter alia*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Because Brown appears pro se, we hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

At summary judgment, "[a]n issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."  *Id.* (citing *Liberty Lobby*, 477 U.S. at 248),  "A motion for

summary judgment that is supported by affidavits or other materials provided under oath gives the adverse party notice that summary judgment is possible; the adverse party must respond with affidavits or other evidence to show a genuine issue of material fact." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]he facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671.

The district court held that Brown failed to produce any specific, admissible evidence in support of his claims, but relied on speculation, opinion, bald assertions, conjecture, and hearsay. Brown makes numerous arguments on appeal, but they are conclusory. To summarize them, he argues that the defendants committed perjury, that he did not have enough time to respond to their summary judgment motion or enough finances to produce witness testimony, that the district court failed to consider the full record of this case. and that counsel should have been appointed for him. But he does not explain or describe any evidence supporting any of his claims against any of the defendants, let alone point to where that evidence may be found in the record.

We conclude that this appeal is frivolous because Brown fails to point to any specific, admissible evidence, or even explain what specific, admissible evidence he presented, to withstand defendants' motion for summary judgment. His appeal thus "lack[s] an arguable basis in law," which "is the equivalent of . . . frivolous[]." *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) ( per curiam) (citing *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989) for the definition of legal frivolousness); *cf. White v. Gen. Motors Corp., Inc.*, 908 F.2d 669, 675 (10th Cir. 1990) (holding that a counseled plaintiff's appeal challenging district court's grant of summary judgment to defendant was "a clear and obvious loser" due to that plaintiff's "inability to produce any evidence").

We have long held that "[a] pro se litigant . . . must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Brown's conclusory arguments on appeal do not relate to his evidentiary burden under Rule 56(a), and his arguments are utterly insufficient to overturn the district court's grant of summary judgment to defendants. He is not excused based on his pro se status from pointing us to his evidence, and he failed even to explain or describe any evidence in the record supporting his claims. *Cf. Hall*, 935 F.2d at 1110 ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.").

## III. Strikes under PLRA, 28 U.S.C. § 1915(g)

"Congress enacted the Prison Litigation Reform Act of 1995 (PLRA) . . . in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts. . . ." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA contains a variety of provisions designed to bring this litigation under control." *Id.* One of these provisions is 28 U.S.C. § 1915(g), which Congress added "to revoke, with limited

- 8 -

exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299-1300 (2011).

"Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting § 1915(g)) (alteration in original). "[T]he 'three strikes' provision of the ifp statute applicable to indigent prisoners[ ] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Id.* (alteration in original) (internal quotation marks omitted). The only exception to this rule is when "the prisoner is under imminent danger of serious physical injury." § 1915(g). To meet this exception, "a prisoner who has accrued three strikes must make specific, credible allegations of imminent danger." *Hafed*, 635 F.3d at 1176 (alteration omitted) (internal quotation marks omitted).

In 2007, Brown filed three civil rights cases in federal court. We have reviewed them and conclude that Brown had two clear strikes under Tenth Circuit law before he filed the current appeal in this court.

Brown's first strike results from the dismissal in *Brown v. Kochanowski*, D.C. No. 5:2007-cv-03264 (D. Kan.), a civil rights case he filed on October 17, 2007,

- 9 -

while he was a prisoner of the State of Kansas. On May 23, 2008, the district court dismissed the complaint prior to service for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Kochanowski*, D.C. No. 5:2007-cv-03264, Doc. 8. A separate judgment was also entered on May 23, 2008. *Id.*, Doc. 9. Brown did not appeal, so this dismissal ripened to be counted as a strike when his time to file a direct appeal expired. *See Hafed*, 635 F.3d at 1176. He named only state defendants in this suit, so it ripened to be counted against his eligibility to bring other civil actions or appeals ifp on June 23, 2008. *See* Fed. R. App. P. 4(a)(1)(A).

Brown's second strike results from the dismissal in *Brown v. Saline County Board of County Commissioners*, D.C. No. 5:2007-cv-03265 (D. Kan.), a second civil rights suit he filed on October 17, 2007, while he was a prisoner of the State of Kansas. On May 23, 2008, the district court dismissed the complaint prior to service for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Saline Cnty. Bd. of Cnty. Comm'rs*, D.C. No. 5:2007-cv-03265, Doc. 6, at 2. A separate judgment was also entered on May 23, 2008. *Id.*, Doc. 7. Brown did not appeal. But because he named the Post Office as a defendant in this suit, the strike ripened to be counted against his eligibility to bring other civil actions or appeals ifp on July 22, 2008. *See* Fed. R. App. P. 4(a)(1)(B).

Brown's third strike arises from our dismissal of his current appeal as frivolous. It will ripen to be counted against his eligibility to bring other civil actions or appeals ifp in federal court when the appellate process has been completed, either

- 10 -

by the Supreme Court's denial or dismissal of a petition for certiorari, if Brown files one, or when the time to file a petition for certiorari has expired, if he does not. *See Hafed*, 635 F.3d at 1175; *see also* S. Ct. R. 13.1 (providing ninety days from entry of court of appeals' judgment to file petition for certiorari).

The appeal is dismissed.

Entered for the Court


Bobby R. Baldock
Circuit Judge